IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOY MATTHEW BRYANT,<br><br>Defendant. | CR 22-145-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

The Defendant, by consent, appeared before me on March 2, 2023, under Fed. R. Crim. P. 11 for a change of plea hearing. The Defendant appeared to enter a plea of guilty to Count 1 of the Indictment, which charges the crime of sexual abuse of a minor in violation of 18 U.S.C. §§ 1153(a) and 2243(a) and to Count 2 of the Indictment, which charges the crime of abusive sexual contact of a minor, in violation of 18 U.S.C. §§ 1153(a)(3) and 2244(a)(3).

After examining the Defendant under oath, the Court determined with regard to Count 1 of the Indictment, which charges the crime of sexual abuse of a minor in violation of 18 U.S.C. §§ 1153(a) and 2243(a):

1. That the Defendant is fully competent and capable of entering an informed and voluntary plea to the criminal offense charged against him in Count 1;

1

2. That the Defendant is aware of the nature of the charge against him in Count 1, and the consequences of pleading guilty to the charge;

3. That the Defendant fully understands his pertinent constitutional rights and the extent to which he is waiving those rights by pleading guilty to the criminal offense charged against him in Count 1; and

4. That his plea of guilty to the criminal offense charged against him in Count 1 is knowingly and voluntarily entered, and is supported by independent factual grounds sufficient to prove each of the essential elements of the offense charged.

5. The Court further notes that Defendant entered the guilty plea without a written plea agreement and counsel represented that no more favorable plea agreement offers were made.

With regard to Count 2 of the Indictment, which charges the crime of abusive sexual contact of a minor, in violation of 18 U.S.C. §§ 1153(a)(3) and 2244(a)(3):

1. When asked to describe to the Court the acts he committed that justify his plea of guilty to Count 2, Defendant made certain statements that cast doubt upon his guilt for that crime. Specifically, Defendant did not acknowledge that he engaged in sexual contact with John Doe.

2.      Based on the information presented at the hearing, the Court is unable to find a sufficient factual basis that Defendant is guilty of the charge in Count 2 of the Indictment, and therefore did not accept his guilty plea to Count 2.

Therefore, the Court recommends that Defendant be adjudged guilty of the charge in Count 1 of the Indictment, which charges the crime of sexual abuse of a minor in violation of 18 U.S.C. §§ 1153(a) and 2243(a), and that sentence be imposed.  It is further recommended that Defendant's motion to change his plea to guilty as to Count 2 of the Indictment, which charges the crime of abusive sexual contact of a minor, in violation of 18 U.S.C. §§ 1153(a)(3) and 2244(a)(3), be denied.

Objections to these Findings and Recommendation are waived unless filed and served within fourteen (14) days after the filing of the Findings and Recommendation.  28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P 59(b)(2).

DATED this 2nd day of March, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge